ALTENBERND, Judge,
Concurring.
I concur in this opinion, which gives Mr. Gautreaux a Pyrrhic victory. The trial court sentenced him in 2001 to six concurrent terms of twenty-five years’ imprisonment. This court affirmed his judgments and sentences on direct appeal in 2003. Gautreaux v. State, 860 So.2d 418 (Fla. 2d DCA 2003) (table decision). We denied his petition alleging ineffective assistance of appellate counsel in 2004. Gautreaux v. State, 875 So.2d 606 (Fla. 2d DCA 2004) (table decision). His time to file a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 expired years ago.
In 2009, with the assistance of counsel, Mr. Gautreaux filed this motion to correct several of his sentences based on a facially incorrect scoresheet. The scoresheet error affected only the sentences for the earlier offenses and did not affect the concurrent sentences imposed for the offenses committed after October 1, 1998. His attorney and all other persons trained in the *1015 law that have worked on the motion would have known from the outset that the correction of any sentencing error relating to the offenses committed prior to October 1998 will not allow Mr. Gautreaux to be released from prison even five minutes early.
I cannot estimate the amount of time and money spent to correct this noninjurious error. There will be more time and money spent on remand. Because he received a legal twenty-five-year minimum mandatory sentence, Mr. Gautreaux will not be released from prison until September 2021 at the earliest, regardless of the sentences he receives on remand. There is a good chance that some prisoner who is actually entitled to meaningful relief has been waiting in line for the trial court to reach that meritorious motion while it processed this meaningless motion.
I continue to believe that a movant under rule 3.800(a) should be required to allege and demonstrate that the claimed error is harmful and will affect either the length of the sentence or the conditions of confinement.